UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
WILLIE SINGLETON,                       :  11 Civ. 1496 (GBD) (JCF)
                                        :
            Plaintiff,                  :
                                        :         REPORT AND
      - against -                       :       RECOMMENDATION
                                        :
BRIAN FISCHER, Commissioner;            :
WILLIAM A. LEE, Superintendent;         :
LUIS FRANCO, Deputy Superintendent      :
for Programs; K. SPOSATO, Law           :
Library Superviser; KIM CHANNO,         :
Senior Corrections Counselor;           :
INMATE CORRESPONDENCE UNIT;             :
BUSINESS OFFICE; and Senior             :
Corrections Counselor BAFFIE,           :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/12

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

   Willie Singleton brings this action pro se pursuant to 42 U.S.C. § 1983 against several employees, supervisors, and departments at Green Haven Correctional Facility ("Green Haven"). The plaintiff alleges that while he was detained at Green Haven, the defendants violated his constitutional right of access to the courts by delaying his request to photocopy a legal document and failing to deliver his legal mail in a timely manner.

   The defendants now move to dismiss the plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that this court lacks subject matter jurisdiction to determine the case and that the complaint fails to

1

state a claim upon which relief can be granted. For the reasons that follow, I recommend that the motion be granted.

Procedural History

Before filing the Second Amended Complaint[1], which is the subject of the instant motion, the plaintiff had submitted three previous complaints: the initial Complaint filed on February 7, 2011, an Amended Complaint filed on February 24, 2011, and a Supplemental Amended Complaint filed on March 4, 2011. On October 20, 2011, Brian Fisher, Commissioner of the New York State Department of Corrections and Community Supervision, filed a motion to dismiss. In a report and recommendation submitted on March 22, 2012, I recommended that the claims against Commissioner Fisher be dismissed with prejudice. (Report and Recommendation dated March 22, 2012). On that same date, I also issued an Order to Amend, granting the plaintiff leave to file a new amended complaint. (Order dated March 22, 2012 ("March 22, 2012 Order")). That order explicitly identified the following elements that the plaintiff must satisfy to state a claim for denial of access to the courts:

(a) the plaintiff was actually injured because he was frustrated or impeded in bringing a legal claim;

---

[1] Even though the plaintiff's latest complaint is labeled "Amended Complaint," for the sake of clarity, I will refer to it as the "Second Amended Complaint," as Mr. Singleton previously filed a document designated as the Amended Complaint.

2

>   (b) the legal claims the plaintiff sought to bring had an arguable basis in law and fact, which the plaintiff should explain;
>
>   (c) the legal claims the plaintiff sought to bring were related to a criminal conviction or sentence or the conditions of his confinement.

(March 22, 2012 Order at 7). It also explained that "[t]he amended complaint will completely replace the pleadings as they s[tood]" at that time and that it "should contain all the information necessary to state the plaintiff's claims." (March 22, 2012 Order at 7).

Background

Mr. Singleton's claims arise out of his request to photocopy a supplemental legal brief. In accordance with the standard for assessing a motion to dismiss, the following facts are derived from the allegations in the plaintiff's complaint and are taken as true.

On September 12, 2010, Mr. Singleton wrote to Luis Franco, Deputy Superintendent for Programs ("DSP") at Green Haven, requesting permission "to make [thirteen] indigent photocopies of his pro se supplemental brief," which was due by October 26, 2010. (Second Amended Complaint ("SAC") at 2-3). On September 22, 2010, and again on October 11, 2010, he made the same request to Superintendent William A. Lee. (SAC, Supplemental Sheet, ¶¶ (ii)-(iii)). Then, on October 19, 2010, Mr. Singleton finally produced the photocopies after receiving permission from Law Library Supervisor K. Sposato, who had consulted with Senior Corrections

Counselor Kim Channo about the matter. (SAC, Supplemental Sheet, ¶ (i)). Thereafter, Mr. Singleton placed his pro se supplemental brief in the facility mailbox for the next day's mail. (SAC, Supplemental Sheet, ¶ (v)). The mail was forwarded to the Business Office "for approval of Plaintiff's Disbursement or Refund Form," and the Business Office mailed his supplemental brief to the court on October 26, 2010. (SAC, Supplemental Sheet, ¶ (v)). The court received the brief on October 28, 2010. (SAC, Supplemental Sheet, ¶ (viii)).

In his supplemental brief, Mr. Singleton challenged his underlying criminal conviction, arguing that the sentences he received should run concurrently rather than consecutively. (SAC, Supplemental Sheet, ¶ (x)).

Discussion

    A.    Eleventh Amendment Immunity

The defendants have moved to dismiss Mr. Singleton's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiff is foreclosed by the Eleventh Amendment from bringing suit against the State of New York, its agencies, and its employees, to the extent they are sued in their official capacity. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Def. Memo.") at 11-13). The Eleventh Amendment denies jurisdiction to the federal courts over "any suit in law or equity,

4

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens." Woods v. Rondout Valley Central School District Board of Education, 466 F.3d 232, 236 (2d Cir. 2006).

> Stated as simply as possible, the Eleventh Amendment means that, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity," or unless Congress has "abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment."

Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original) (quoting Woods, 466 F.3d at 236).

It is well settled that the State of New York and its agencies have not consented to suit in federal court. See Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (2d Cir. 1977). The plaintiff has offered no evidence that the State has consented to be subject to this suit; indeed, the defendants have invoked their Eleventh Amendment immunity. (Def. Memo. at 13); McKeown v. The New York State Commission on Judicial Conduct, 377 F. App'x. 121, 123 (2d Cir. 2010). Furthermore, 42 U.S.C. § 1983, the statute that creates a cause of action for violations of the

U.S. Constitution, does not abrogate sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 341 (1979). Nor is the State's Eleventh Amendment immunity overridden by the assertion of a due process claim directly under the Fourteenth Amendment. See Santiago v. New York State Department of Correctional Services, 945 F.2d 25, 31-32 (2d Cir. 1991). Additionally, "the [E]leventh [A]mendment bars recovery against an employee who is sued in his official capacity." Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988).

Here, Mr. Singleton is suing the individual defendants in both their personal and official capacities, seeking compensatory, punitive, and nominal damages. (SAC at 5-6). Although "a state official acting in his or her official capacity may be sued [] for prospective injunctive relief from ongoing violations of federal law," McKeown, 377 F. App'x at 123, Mr. Singleton seeks no such relief here. Thus, to the extent he is suing the defendants in their official capacities, I recommend that his claims be dismissed for lack of subject matter jurisdiction. Further, he has not explained his claims against the Inmate Correspondence Unit and the Business Office. Even if he had, those claims would be considered to be against the State of New York itself and thus barred by the Eleventh Amendment. Accordingly, I also recommend that his claims against the Inmate Correspondence Unit and the Business Office be dismissed. The Eleventh Amendment does not, however, bar Mr.

6

Singleton's damages claims against the individual defendants in their personal capacities.

B. Failure to State a Claim

1. Legal Standard

As to these remaining claims, the defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). A complaint need not contain detailed factual allegations, but must contain more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570). Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Id. at 679 (citing Fed. R. Civ. P.

8(a)(2)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing Erickson, 551 U.S. at 94). In fact, pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

    2.  Section 1983

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 3. Denial of Access to the Courts

In order to state a claim for denial of access to the courts, "a plaintiff must allege that (1) he suffered actual injury by being frustrated or impeded (2) in bringing a non-frivolous claim (3) about his criminal conviction or sentence or his condition of confinement." (March 22, 2012 Order at 3-4) (citing Lewis v. Casey, 518 U.S. 343, 351-53 (1996)); see also Collins v. Goord, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) ("In order to establish a constitutional violation based on a denial of access to the courts, a plaintiff must show that . . . the defendant's actions resulted in an actual injury to the plaintiff.").

"To plead 'actual injury,' an inmate must 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.'" Collins v. Goord, 438 F. Supp. 2d 399, 415 (S.D.N.Y. 2006) (quoting Lewis, 518 U.S. at 351). The requirement that the plaintiff's claim was "'frustrated or impeded' generally requires more than a mere delay

9

in accessing the court." (March 22, 2012 Order at 4) (citing Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003)).

Mr. Singleton fails to state that he has suffered actual injury as required in the March 22, 2012 Order. The Second Amended Complaint references one brief: the supplemental brief by which the plaintiff was attempting to have the state court order that his sentences run concurrently. (SAC, Supplemental Sheet, ¶ (ix)). Mr. Singleton states that he gave his brief to prison officials on October 19, 2010, for mailing, that the deadline for his brief was October 26, 2010, and that it was received by the court on October 28, 2010. (SAC, Supplemental Sheet, ¶¶ (v)-(viii)). However, the plaintiff fails to state any injury he suffered as a result of his brief arriving two days past the deadline. Because the plaintiff states that the brief was timely filed, he fails to allege any actual injury caused by the delay.[2] Therefore, Mr. Singleton fails to state a plausible claim of a constitutional violation. See Iqbal, 556 U.S. at 678.

---

[2] In his opposition brief, Mr. Singleton for the first time alleges that his supplemental brief was rejected by the court. (Reply, ¶ vii). This directly contradicts what he stated in the Second Amended Complaint, and "[i]t is axiomatic that the [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss." Weir v. City of New York, No. 05 Civ. 9268, 2008 WL 3363129, at *9 (S.D.N.Y. Aug. 11, 2008) (internal quotation marks omitted).

Conclusion

For the foregoing reasons, I recommend that the defendants' motion to dismiss (Docket no. 52) be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

_JAMES C. FRANCIS IV (signature)_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE.

Dated: New York, New York
       November 21, 2012

Copies mailed this date:

Willie Singleton
07-B-3397
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York  12582-0010

Kevin R. Harkins, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York  10271

11