UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE SINGLETON,

                Plaintiff,

    -against-

Commissioner BRIAN FISCHER,
Superintendent WILLIAM A. LEE, Deputy
Superintendent LUIS FRANCO, Law Library
Supervisors K. SPOSATO, Senior Corrections
Counselor KIM CHANNO, INMATE
CORRESPONDENCE UNIT, BUSINESS
OFFICE, and Senior Corrections Counselor
BAFFIE,

                Defendants.

APR 03 2013

MEMORANDUM DECISION
AND ORDER

11 Civ. 1496 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Willie Singleton brings this action pursuant to 42 U.S.C. § 1983 against several employees and departments of the Green Haven Correctional Facility.[1] Plaintiff alleges that these employees and departments violated his First Amendment right of access to courts by conspiring to delay the mailing of a supplemental legal brief that challenged the severity of his sentence. Plaintiff alleges that certain Defendants did not expeditiously approve his request to make photocopies of the supplemental brief he wrote in connection with the direct appeal of his state criminal conviction. He alleges that once the request was approved and the photocopies made, he placed his brief in the prison mailbox prior to the court-ordered deadline for its filing, but that other Defendants did not send it out promptly. As a result of these delays, his brief

---

[1] Plaintiff sued the individual employees in their official and individual capacities.

arrived two days after the filing deadline that the Appellate Division, Fourth Department had imposed. Plaintiff, in his complaint, does not contend that his supplemental brief was rejected by the court, but even if it was, Plaintiff cannot show that he suffered any actual injury.

This Court referred the case to Magistrate Judge James C. Francis, IV for general pretrial supervision and dispositive motions. On March 22, 2012, Magistrate Judge Francis ordered Plaintiff to file an amended complaint (ECF. No. 41). In his Order to Amend, Magistrate Judge Francis specifically outlined the element of a claim of denial of access to courts and directed Plaintiff to include facts to support each element. Plaintiff filed the operative Second Amended Complaint[2] shortly thereafter, and Defendants moved to dismiss. On November 21, 2012, Magistrate Judge Francis issued a Report and Recommendation ("Report") recommending dismissal of the remaining claims (ECF. No. 60).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.

---

[2] The operative complaint is the fourth complaint that Plaintiff has filed in this matter. Plaintiff filed his initial complaint on February 7, 2011 (ECF. No. 1), an amended complaint on February 24, 2011 (ECF. No. 5), and a supplemental amended complaint on March 4, 2011 (ECF. No. 6).

1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Francis advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Plaintiff objected to the Report to the extent it dismissed his suit against the individual Defendants sued in their individual capacities. ECF. No. 61. Plaintiff's Objections do not offer any argument. Instead, they consist of seven paragraphs labeled "Facts" that largely mirror the facts of the Second Amended Complaint. After considering Plaintiff's Objections, this Court adopts the Report.

Magistrate Judge Francis properly concluded that sovereign immunity barrs Plaintiff's claims against the State of New York[3] and the officials sued in their official capacities. The Eleventh Amendment operates "to bar federal suits against state governments by a state's own citizens." Woods v. Rondout Valley Central School Dist. Bd. Of Ed., 466 F.3d 232, 236 (2d Cir. 2006). It also operates to prevent recovery against state employees sued in their official capacity for money damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 (1989). Plaintiff's claims are only for money damages, not an injunction, and to the extent they are against the state, which has invoked its sovereign immunity, and individuals sued in their official capacities, they must be dismissed. Plaintiff recognized as much in his Objections. See Objections, ECF. No. 61 at 1 ("Plaintiff concedes the fact that the defendants, in this case, are immune from liability…in their official capacities.").

---

[3] This Court construes the claims against "Business Office" and "Inmate Correspondence Unit," departments of the state-run Green Haven Correctional Facility, as claims against the State of New York.

The Second Amended Complaint is dismissed to the extent it seeks money damages from the individual Defendants sued in their individual capacity as well. Prisoners have a right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). Derivative of this right is the right to send and receive legal mail without interference. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). In order to state a claim that interference with legal mail caused an unconstitutional denial of access to courts, a plaintiff must allege that he suffered "actual injury" and that the defendants acted deliberately. Lewis v. Casey, 518 U.S. 343, 348-49 (1996). To allege actual injury a plaintiff must allege that the interfering government official hindered his efforts to pursue a non-frivolous legal claim. Id. at 351.[4]

Plaintiff's Second Amended Complaint—his fourth attempt at stating a claim—failed to adequately allege any actual injury. Plaintiff did not allege that the Fourth Department, Appellate Division actually rejected his supplemental brief because it received it after the court-imposed deadline.[5] There is no indication from the Appellate Division's opinion that it was rejecting or declining to consider Singleton's brief because it was not timely filed.

Similarly, Plaintiff cannot show that the late filing of his brief proximately caused any actual injury because the Appellate Division ruled on the merits of the issue that Plaintiff raised

---

[4] In addition to the right of access to courts, prisoners have a more general right to the free flow of incoming and outgoing mail. Heimerle v. Attorney General, 753 F.2d 10, 12-13 (2d Cir. 1985). This right is violated only when prison officials "regularly and unjustifiably interfere" with legal mail. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Isolated incidents of interference do not rise to this standard. Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986). As Plaintiff's Second Amended Complaint only references one incident, it does not meet this standard.

[5] Plaintiff and Defendants both argue that Plaintiff's brief was, in fact, timely filed according to the prison mailbox rule. The prison mailbox rule states that a prisoner is deemed to have met a court-imposed deadline on the date that the prisoner hands over his filing to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). While this is the rule in Federal Court, there is no indication that this rule governs filing deadlines for the Fourth Department. New York courts have been hostile to the application of this rule. See Grant v. Senkowski, 95 N.Y.2d 605, 608-09 (2001) (expressly rejecting the application of the prison mailbox rule to pro se prisoner filing deadlines in Article 78 proceedings). The rules of the First Department explicitly reject the prison mailbox rule. See 22 N.Y.C.R.R. §600.2(a)(6) ("If filed by mail, [motion papers] shall be considered filed only upon receipt."). No Fourth Department case and nothing in its rules of procedure cover this situation. See 22 NYCRR § 1000.3.

4

in his supplemental brief (challenging the severity of his sentence). After Plaintiff submitted his supplemental brief, the court held that Plaintiff's "sentence is not unduly harsh or severe." People v Singleton, 910 N.Y.S.2d 716, 717 (4th Dep't 2010). This means that either the Appellate Division received Plaintiff's brief and considered his argument, or that Plaintiff's counsel raised the issue on Plaintiff's behalf in the course of his direct appeal. In either case, Plaintiff's access to the courts was not impeded since the Appellate Division ruled on the merits of Plaintiff's argument. Therefore, any delay in sending Plaintiff's brief was not the proximate cause of any injury to the Plaintiff. Delay in sending mail, even legal mail, is not "actual injury" if such delay is not the proximate cause of the injury. See DeLeon v. Doe, 361 F.3d 93, 94 (2d Cir. 2004) (no actual injury where action was dismissed on the merits, not on account of an untimely submission); Sheppard v. Lee, No. 10 Civ. 6696, 2011 U.S. Dist. LEXIS 146100 at *5 (S.D.N.Y. Dec. 19, 2011) (same).

## Conclusion

Defendants' Motions to Dismiss (ECF. No. 52) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: April 2, 2013
      New York, New York

SO ORDERED

*/s/ George B. Daniels*

GEORGE B. DANIELS
United States District Judge